IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SAMUEL SUK,                                          Case No. 3:22-cv-01085-SB

                Plaintiff,                        **OPINION AND ORDER**

            v.

JM BULLION, INC., a Delaware corporation,

                Defendant.

**BECKERMAN, U.S. Magistrate Judge.**

       Plaintiff Samuel Suk ("Plaintiff") filed this action against defendant JM Bullion, Inc. ("Defendant"), alleging a claim for breach of contract. Defendant moves to dismiss Plaintiff's complaint on the ground that he fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), and the parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). For the reasons explained below, the Court denies Defendant's motion to dismiss.

///

///

PAGE 1 – OPINION AND ORDER

## BACKGROUND[1]

Plaintiff is a resident of Beaverton, Oregon, and Defendant is a Delaware corporation and online retail seller of precious metals. (Compl. ¶¶ 1-2.) On August 31, 2018, Plaintiff, acting on behalf of his elderly mother, ordered six ten-ounce gold bars on Defendant's website and paid Defendant $73,719.20.[2] (*Id.* ¶¶ 3-6.) While doing so, Plaintiff accepted Defendant's website's terms and conditions and provided Defendant with a Beaverton shipping address. (*Id.* ¶¶ 4, 7; *see also id.* Ex. A at 1-9, reflecting that Plaintiff attached the terms and conditions to his complaint).

That same day, August 31, 2018, Defendant accepted the order and shipped the gold bars in three packages via the United States Postal Service ("USPS"). (*Id.* ¶¶ 5, 8.) On September 4, 2018, the packages arrived at a USPS service center in Hillsboro, Oregon, where they "were waiting to be delivered to the [s]hipping [a]ddress." (*Id.* ¶ 9.) Before they went out for delivery, an unknown third party, using a fictitious name, picked up the packages at the service center. (*Id.* ¶ 10.)

The following day, September 5, 2018, Plaintiff contacted the USPS and Hillsboro Police Department ("HPD") and filed a claim with Defendant on his mother's behalf. (*Id.* ¶¶ 11-12.) Also on September 5, 2018, Plaintiff's mother submitted a declaration that Defendant "requested relating to the theft of the [g]old [b]ars," and consistent with section ten of Defendant's terms

---

[1] Plaintiff alleges the following facts in his complaint, which Defendant attached as Exhibit 1 to its notice of removal. (Def.'s Notice Removal Ex. 1, ECF No. 1 at 6-21.) The Court "accept[s] 'all [well-pleaded] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party.'" *Curtis v. Irwin Indus.*, 913 F.3d 1146, 1151 (9th Cir. 2019) (quoting *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029-30 (9th Cir. 2009)).

[2] The gold bars cost $73,719.20, which is slightly less than the $75,000 amount-in-controversy threshold. *See* 28 U.S.C. § 1332(a)(1). However, Plaintiff seeks the present value of the gold bars, which are and have been valued at over $100,000, and the parties do not dispute that the Court may exercise diversity jurisdiction over this matter. (*See* Def.'s Notice Removal ¶¶ 10-16; *cf.* Pl.'s Resp. Def.'s Mot. Dismiss ("Pl.'s Resp.") at 1-11, ECF No. 6.)

and conditions, Defendant's claims department informed Plaintiff that Defendant fully insures all of its shipments and Defendant's insurance covers packages during transit. (*Id.* ¶¶ 13-14.)

Although Plaintiff and Plaintiff's mother "generally cooperated" with Defendant, Defendant's insurer, and the HPD, Plaintiff's mother never recovered the gold bars she purchased, and Defendant refused to reimburse Plaintiff's mother for the purchase price. (*Id.* ¶¶ 15-18.) As a result, Plaintiff's mother assigned her claims pertaining to the order to Plaintiff, who submitted a claim for arbitration to the American Arbitration Association ("AAA") on January 12, 2022, pursuant to the agreed-upon terms and conditions on Defendant's website. (*Id.* ¶¶ 19-21.)

On May 19, 2022, AAA issued a letter closing Plaintiff's case file, noting that AAA had to decline to administer the case because it did not receive the required signed waiver and fees from Defendant. (*Id.* ¶ 22.) AAA also informed Plaintiff that because it declined to administer his case, he was entitled to submit his dispute to the appropriate court for resolution. (*Id.*)

Plaintiff did so on June 21, 2022, when he filed the present action against Defendant in Multnomah County Circuit Court, alleging that Defendant breached its contract by failing to participate in the AAA arbitration and failing to deliver the gold bars to the shipping address. (*Id.* ¶¶ 23-28; Def.'s Notice Removal ¶¶ 1-2.) After Plaintiff served Defendant on June 27, 2022, Defendant timely removed the case to this court on July 26, 2022. (*Id.* ¶ 3.) Defendant's motion to dismiss the complaint followed on August 2, 2022. (Def.'s Mot. Dismiss ("Def.'s Mot.") at 1-8, ECF No. 5.) The Court heard oral argument on October 11, 2022.

## DISCUSSION

Defendant moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), arguing that Plaintiff did not file his complaint within the

applicable statute of limitations and therefore he fails to state a plausible claim. (Def.'s Mot. at 2, 5-8.)

## I.    STANDARD OF REVIEW

A statute of limitations is an affirmative defense. *See Lasko v. Caliber Home Loans*, No. 20-17181, 2022 WL 728820, at *1 (9th Cir. Mar. 10, 2022) (noting that "a statute of limitations is an affirmative defense" (citing *United States v. Allahyari*, 980 F.3d 684, 686 (9th Cir. 2020))). Although "[p]laintiffs are generally not required to 'plead around affirmative defenses,'" *Ortega v. Santa Clara Cnty. Jail*, No. 19-17547, 2021 WL 5855066, at *1 (9th Cir. Dec. 9, 2021) (quoting *U.S. Commodity Futures Trading Comm'n v. Monex Credit Co.*, 931 F.3d 966, 972 (9th Cir. 2019)), it is well settled that "a court may address a statute-of-limitations defense when ruling on a [Rule] 12(b)(6) motion." *Finato v. Fink*, 803 F. App'x 84, 88 n.2 (9th Cir. 2020) (citation omitted).

"[D]ismissal under Rule 12(b)(6) on the basis of an affirmative defense is proper only if the defendant shows some obvious bar to securing relief on the face of the complaint." *Ortega*, 2021 WL 5855066, at *1 (quoting *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014)). "A complaint showing that the governing statute of limitations has run on the plaintiff's claim for relief is the most common situation in which the affirmative defense appears on the face of the pleading and provides a basis for a motion to dismiss under Rule 12(b)(6)[.]" *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013) (simplified). However, "[i]f, from the allegations of the complaint as well as any judicially noticeable materials, an asserted defense raises disputed issues of fact, dismissal under Rule 12(b)(6) is improper." *ASARCO*, 765 F.3d at 1004 (citing *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam)).

///

## II.    ANALYSIS

Defendant moves to dismiss this case on the ground that Plaintiff did not timely file his complaint. As explained below, Plaintiff timely filed his complaint, and therefore the Court denies Defendant's motion.

### A.    Applicable Law

Plaintiff asserts a breach of contract claim, premised on Defendant's alleged failure to comply with its website's terms and conditions and failure to deliver the gold bars to the shipping address. (Compl. ¶¶ 23-31.) The website's terms and conditions are attached as Exhibit A to Plaintiff's complaint, and provide that the order and the parties' agreement is "governed by, and interpreted in accordance with, the laws of the State of Texas, without regard to conflict of laws principles."[3] (*Id.* Ex. A at 1, 8) (bold omitted). The parties agree that Texas law governs Plaintiff's breach of contract claim. (*See* Def.'s Mot. at 5 n.3; Pl.'s Resp. at 5-11; Def.'s Reply at 2, ECF No. 7).

The Texas Civil Practice and Remedies Code includes a default statute of limitations: "Every action for which there is no express limitations period, except an action for the recovery of real property, must be brought not later than four years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.051. The Texas Civil Practice and Remedies Code also contemplates that a stipulation, contract, or agreement may establish an express limitations period of less than four years, as long as the limitations period is not shorter than two years. *See* TEX. CIV. PRAC. & REM. CODE § 16.070(a) (making "void in [Texas]" any "stipulation, contract, or agreement that establishes a limitations period that is shorter than two years").

---

[3] The Court may consider an exhibit attached to a complaint in ruling on a motion to dismiss under Rule 12(b)(6). *See Mendoza v. Amalgamated Transit Union Int'l*, 30 F.4th 879, 884 (9th Cir. 2022).

Thus, "[a] party asserting a breach of contract claim must [typically] sue no later than four years after the day the claim accrues." *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002) (citing TEX. CIV. PRAC. & REM. CODE. § 16.051). "[A] breach of contract claim accrues when the contract is breached." *Id.* (citing *Smith v. Fairbanks, Morse & Co.*, 102 S.W. 908, 909 (Tex. 1907)); *see also* TEX. BUS. & COM. CODE § 2.725(b) (explaining that under the Texas Business and Commerce Code, "[a] cause of action accrues when the breach [of contract for the sale of goods] occurs").

Although the Texas Legislature's enactment of § 16.051 "provided a default limitations period of four years [for situations where there is] no express limitations period . . . specified for a particular cause of action," the Texas Supreme Court has recognized that when the Texas Legislature has enacted a statute establishing "an express limitations period, . . . the more specific time limit controls." *Valdez v. Hollenbeck*, 465 S.W.3d 217, 227 (Tex. 2015) (citations omitted). In Texas, there are "a multitude of statutory alterations to [§ 16.051's] residual four-year limitations period." *Id.* (citing *Williams v. Khalaf*, 802 S.W.2d 651, 654 n.3 (Tex. 1990)). They include Texas Business and Commerce Code § 2.725. *See Williams*, 802 S.W.2d at 654 n.3 (explaining that the Texas "[L]egislature has enacted a number of statutes providing express limitations periods for statutory causes of action," such as § 2.725's "four year limitations period for breach of any contract for sale of goods") (simplified).

Article Two of the Uniform Commercial Code is codified as Chapter Two of the Texas Business and Commerce Code. *See Selectouch Corp. v. Perfect Starch, Inc.*, 111 S.W.3d 830, 834 (Tex. Ct. App. 2003) (citation omitted). "The four-year limitations period of [Texas Business and Commerce Code §] 2.725 applies to an action for the breach of contract for the sale of goods." *Tarrant Cnty. Hosp. Dist. v. GE Auto. Servs., Inc.*, 156 S.W.3d 885, 893 (Tex. Ct.

App. 2005) (citing *Big D Serv. Co. v. Climatrol Indus., Inc.*, 523 S.W.2d 236, 236 (Tex. 1975)).

Similar to Texas Civil Practice and Remedies Code § 16.070(a)'s two-year minimum limitation

period, Texas Business and Commerce Code § 2.725 provides that "the parties may reduce the

period of limitation to not less than one year[.]" TEX. BUS. & COM. CODE § 2.725(a).

### B.    Disposition

Plaintiff ordered, and Defendant shipped, six gold bars on or about August 31, 2018, and

Plaintiff filed this breach of contract action less than four years later, on June 21, 2022. (Compl.

at 1-2, 12.) Thus, there is no dispute that if either of the four-year statutes of limitation discussed

above applies to Plaintiff's breach of contract claim, Plaintiff timely filed suit against Defendant.

Defendant argues that because Plaintiff is asserting a claim for breach of a contract for

the sale of goods, the Texas Business and Commerce Code, which courts may cite as the

Uniform Commercial Code ("UCC"), governs Plaintiff's claim. (Def.'s Reply at 3-4); TEX. BUS.

& COM. CODE § 1.101 ("This title may be cited as the Uniform Commercial Code."). The UCC

provides that "the parties may reduce the period of limitation to not less than one year." TEX.

BUS. & COM. CODE § 2.725(a). As reflected in its motion papers (*see* Def.'s Mot. at 5-6; Def.'s

Reply at 6-9), Defendant argues that its contractual limitations period is consistent with the

UCC:

> 25. Resolution of Disputes and Governing Law; Waiver of Jury and Arbitration
> Agreement
>
>         . . . .
>
> You acknowledge and agree that, regardless of any statute or law to the contrary,
> any claim or cause of action you may have arising out of, relating to, or connected
> with your use of the Website, must be filed within one calendar year after such
> claim or cause of action arises, or forever be barred. . . .
>
>         . . . .
>
> 29. Statute of Limitations

PAGE 7 – OPINION AND ORDER

> You agree that regardless of any statute or law to the contrary, any claim or cause of action arising out of [or] related to the agreement must be filed within one (1) year after such claim or cause of action arose or be forever barred.

(Compl. Ex. A at 8-9) (bold and all caps omitted).

Based on this one-year contractual limitations period, Defendant argues that the Court should dismiss Plaintiff's complaint with prejudice because any breach of contract claim relating to the sale of the gold bars was time-barred after September 2019, and Plaintiff did not pursue arbitration or this suit until 2022. (Def.'s Mot. at 2, 5-7.) As explained below, the Court disagrees.

Plaintiff maintains that the limitations period in Defendant's terms and conditions must be voided because it establishes a limitations period shorter than two years and therefore violates Texas Civil Practice and Remedies Code § 16.070(a). (Pl.'s Resp. at 5-6, citing TEX. CIV. PRAC. & REM. CODE § 16.070(a)). Plaintiff argues that in light of the improper limitations period, the Texas Civil Practice and Remedies Code's "default four-year limitations period applies, which [Plaintiff] has met." (*Id.* at 6, citing TEX. CIV. PRAC. & REM. CODE § 16.051).

Plaintiff does not dispute Defendant's position that the gold bars Plaintiff purchased are "goods" within the meaning of the UCC. *See generally* TEX. BUS. & COM. CODE § 2.105(a) (defining "goods" as "all things . . . which are movable at the time of identification to the contract for sale," subject to a few exceptions that do not apply here). Nor does Plaintiff address the rule under Texas Law that when the Texas Legislature has enacted a statute establishing an express limitations period, "the more specific time limit controls." *Valdez*, 465 S.W.3d at 227; *Sw. Bank v. Info. Support Concepts, Inc.*, 85 S.W.3d 462, 467 (Tex. Ct. App. 2002) ("[The] provisions of the UCC conflict with the general . . . provisions set forth in chapter 33 of the civil practice and remedies code. When two statutes conflict, as here, we give effect to the more specific statute over the more general statute." (citing TEX. GOV'T CODE. § 311.026)).

PAGE 8 – OPINION AND ORDER

Plaintiff alternatively argues that even if the UCC governs this breach of contract action, Defendant's one-year contractual limitations period violates § 2.725 because the word "within," as used in "within one (1) year after" and "within one calendar year after," imposes a filing requirement of less than one year. (Pl.'s Resp. at 6.) Plaintiff relies on Texas case law interpreting, among other things, the Texas Civil Practices and Remedies Code provision that is analogous to § 2.725. *See* TEX. CIV. PRAC. & REM. CODE § 16.070(a) (addressing contractual limitation periods and providing that "a person may not enter a stipulation, contract, or agreement that purports to limit the time in which to bring suit on the stipulation, contract, or agreement to a period shorter than two years[, and] [a] stipulation, contract, or agreement that establishes a limitations period that is shorter than two years is void in this state"); TEX. BUS. & COM. CODE § 2.725(a) (addressing contractual limitation periods in contracts for sales of goods and providing that "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued[, and] [b]y the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it").

The Texas Court of Appeals summarized the rationale underlying the relevant law in *Spicewood Summit Office Condominium Association, Inc. v. America First Lloyd's Insurance Co.*, 287 S.W.3d 461, 465-68 (Tex. Ct. App. 2009). In that case, the Texas Court of Appeals explained that to comply with § 16.070(a), a contractual limitations period cannot end until two years after the day the party's cause of action for breach of the agreement accrued:

> [S]ection 16.070(a) does not explicitly limit what event can trigger a contractual limitations period. However, under the plain language of [§] 16.070(a), the 'time in which to bring suit' cannot be shorter than two years. A party is unable to bring suit until the party's cause of action has accrued. Likewise, the plain language of [§] 16.070(a) establishes a two-year minimum for the 'limitations period,' which by its general meaning has as its beginning point the accrual of a cause of action. Consequently, a *contractual* limitations period, to comply with [§] 16.070(a),

PAGE 9 – OPINION AND ORDER

cannot end until after two years after the day the cause of action for breach of the agreement has accrued.

*Id.* at 465 (simplified).

The Texas Court of Appeals added that its "statutory interpretation comport[ed] with those courts that have previously construed [§ 16.070(a)] or its predecessor." *Id.* at 465 n.1 (citing, *inter alia*, *Taylor v. Nat'l Life & Acc. Ins. Co.*, 63 S.W.2d 1082, 1082-83 (Tex. Ct. App. 1933) and *Holston v. Implement Dealers Mut. Fire Ins. Co.*, 206 F.2d 682, 684 (5th Cir. 1953)). The Texas Court of Appeals further explained that a contract does not comply with § 16.070(a) if it establishes a trigger for the limitations period that occurs prior to the accrual of the cause of action:

> This [statutory interpretation] does not mean that the trigger for a contractual limitations period must be the accrual of the applicable cause of action. Rather, the statute requires that, even if the parties to a contract establish an event other than the accrual of a cause of action as the trigger for the contractual limitations period, the contractual period for filing suit cannot end until at least two years after the cause of action accrues. It necessarily follows that if a contractual limitations period for a cause of action is set at a minimum length of two years, the contract cannot establish a trigger for that period that occurs prior to the accrual of the cause of action, as that would have the effect of shortening the period for filing suit to less than two years.

*Id.* at 465.

Applying these principles, the Texas Court of Appeals held that the insurance contract at issue in *Spicewood* did not comply with § 16.070(a). *Id.* at 466. The contract required an insured to file an action "within 2 years and one day after the date on which the direct physical loss or damage occurred," but also required an insured to "full[y] compl[y] with all the terms of th[e] insurance[.]" *Id.* at 465-66. To do so, an insured needed to "give prompt notice of loss or damage to the insured property, and provide[] [the insurer] fifteen days after receipt of such notice to begin its investigation and request a 'signed, sworn proof of loss.'" *Id.* at 466. As a result, the insured "was not entitled to file suit against [the insured] under the policy on the date on which

the direct physical loss or damage occurred because, without more, no breach of the insurance

agreement by [the insurer] had yet occurred, and [the insured] did not yet have a cause of action

for breach of contract." *Id.* Recognizing that the provision had a trigger date (i.e., the date the

direct physical loss or damage occurred) that preceded the claim accrual date and thus had the

"practical effect of providing a period in which to file suit that is less than two years," the Texas

Court of Appeals held that the contractual provision was void and the four-year statute of

limitations applied. *Id.*

Another instructive example is the Texas Court of Appeals' decision in *Taylor*, to which

both *Spicewood* (*Spicewood*, 287 S.W.3d at 465 n.1) and Plaintiff favorably cite. (*See* Pl.'s Resp.

at 7.) In *Taylor*, the policies included limitation provisions providing that "no suit shall be

brought 'after two years from the time when the right of action shall accrue.'" 63 S.W.2d at

1082-83. While noting that § 16.070(a)'s predecessor statute rendered void any limitation

provision that was "shorter than two years from the accrual of the cause of action," the Texas

Court of Appeals addressed the meaning of the policy term "after" and similar phrases involving

the computation of time:

> The word 'after' has been given a variety of meanings and applications by the
> courts, and its meaning as used in the two clauses is not clear. . . . 'After'
> sometimes means 'at the end of,' 'as soon as.' [This is from the same authority]
> which announce[d] the rule that 'in computation of time, the word after is
> generally understood in the sense of excluding the day of the date mentioned[.]'
> [A Kentucky case] holds that the phrases 'for the space of one month after the
> return day' and 'within one month from the return day,' are equivalent
> expressions.

*Id.* at 1083 (simplified). Relying on these authorities, the Texas Court of Appeals held that the

policy provisions were void because they required an insured to file suit before or "within" the

two-year period:

> According to these authorities, the [policy] stipulation that no suit should be filed
> after two years from the time when the right of action accrues means that the suit

PAGE 11 – OPINION AND ORDER

must be brought before the expiration of two years from the time plaintiff had the right to sue, or, in other words, the suit must be filed within two years from the accrual of such right. To prohibit the plaintiff from suit any time after two years from the date the right of action accrued necessarily requires the suit to be filed before the expiration of two years or within that period. So construing the stipulations, they conflict with the provisions of [the statute], . . . and are therefore void.

*Id.* (simplified).

There are several other instructive examples from the Texas Court of Appeals and the Fifth Circuit. The Texas cases focus on the need for contractual limitation provisions to allow suit within "two years and one day" after a claim accrues, instead of within two years. *See, e.g.*, *U.S. Fid. & Guar. Co. v. E. Hills Methodist Church*, 609 S.W.2d 298, 299-300 (Tex. Ct. App. 1980) ("The performance bond provides: 'Any suit under this bond must be instituted before the expiration of two (2) years from the date on which final payment under the Contract falls due.' . . . We hold the contractual provision requiring suit to be brought within two years is void. Since it is void, the four year statute of limitation applies."); *Com. Cas. Ins. Co. v. Loper*, 104 S.W.2d 580, 581 (Tex. Ct. App. 1937) ("The policy [at issue here provides] that 'no action shall lie against the company to recover for any loss and/or expense covered by this policy unless said action is brought within two years after the occurrence causing the loss or damage.' Such [a] provision is in contravention of [the predecessor statute] and is, therefore, void [under *Taylor*]."); *Culwell v. St. Paul Fire & Marine Ins. Co.*, 79 S.W.2d 914, 916 (Tex. Ct. App. 1935) ("Had this provision limited the time within which suit could be maintained . . . to a period of 2 years and 1 day after the accrual of the cause of action [like *Lewallen*, this] provision would not have fallen within the condemnation of the statute . . . and would have been upheld by us as valid and binding. . . . We perceive no conflict whatever between the holdings in [*Lewallen* and *Taylor*] cases."); *Com. Standard Ins. Co. v. Lewallen*, 46 S.W.2d 355, 355-56 (Tex. Ct. App. 1932) ("By the terms of the policy the statutory period of limitation was reduced to two years and one day

'after a cause of action for the loss accrues.' . . . [T]he stipulation in the policy limiting the time to two years and one day is valid and enforceable."); *see also Abedinia v. Lighthouse Prop. Ins. Co.*, No. 12-20-00183-CV, 2021 WL 4898456, at *3-4 (Tex. Ct. App. Oct. 20, 2021) ("This provision[, which bars suits not filed 'before . . . two years and one day from the date' the insurer 'accept[s] or reject[s] the claim,'] essentially sets accrual on the date of breach, which is the date Texas law would generally set accrual in any event. Therefore, a claim [like the insured's claim] would not accrue until [the insurer] allegedly breached the contract by accepting and underpaying the claim, which would afford [the insured] two years and one day to file suit from the accrual under Texas law. Consequently, the contractual limitations provision does not violate Section 16.070."); *Granger v. Travelers Home & Marine Ins. Co.*, No. 04-17-00814-CV, 2018 WL 6517406, at *1-2 (Tex. Ct. App. Dec. 12, 2018) (reflecting that the contract provided that an action "must be started within two years and one day after the cause of action accrues," and stating that the "limitation provision of two years and one day to file a cause of action against [the insurer was] valid and binding").[4]

    Fifth Circuit cases applying Texas law have likewise focused on the validity of contractual limitation provisions that allow suit within "two years and one day" after the claim accrued, in contrast to invalid contractual limitation provisions that omit the "and one day" language. *See, e.g.*, *Harris v. Hanover Fire Ins. Co.*, 425 F.2d 1168, 1169 (5th Cir. 1970) (per

---

    [4] Contrary to Defendant's assertion, not all of the cases on which Plaintiff relies are based on insurance contracts. *See, e.g.*, *E. Hills*, 609 S.W.2d at 299-300 (addressing a construction performance bond); *Taber v. W. Union Tel. Co.*, 137 S.W. 106, 106-08 (Tex. 1911) (addressing a telegram form). Rather, Texas courts consistently interpret "within" as "less than." *See, e.g.*, *id. at 108* ("The statute is plain in its terms that 'any such stipulation fixing the time within which such notice shall be given at a less period than ninety days shall be void.' The provision in the [telegram form] contract requiring that notice shall be given *within* 90 days after the filing of the message we construe to mean that such notice shall be given before the expiration of 90 days after the filing of the message, and hence is void.").

curiam) ("[The] endorsement . . . limit[s] the time in which prosecution was to be commenced to a period of two years and one day 'next after discovery by the assured of the occurrence which gives rise to the claim.' . . . [Thus, this action is] barred by . . . . the contractual limitation of two years and one day after discovery of the 'occurrence,' the hailstorm."); *Holston v. Implement Dealers Mut. Fire Ins. Co.*, 206 F.2d 682, 683-84 & n.1 (5th Cir. 1953) ("[T]he policy is not rendered invalid and unenforceable by [the predecessor statute]. Obviously, two years and one day is not a shorter period than two years. The clear meaning of the statute is that the plaintiff must be given at least two years after the accrual of his cause of action within which to file suit. . . . [The statute permits the] period [to] be not shorter than two years, and the provision in the policy limiting the time to sue to ['within two years and one day next after cause of action occurs'] is valid and binding."); *S. Sur. Co. v. Austin*, 22 F.2d 881, 881-82 (5th Cir. 1927) (addressing a provision requiring an action to "be commenced within the term of two years next after the date of any loss," and holding that because "failure to bring suit within two years from the loss bars recovery," the provision was invalid).

The authorities discussed above support Plaintiff's argument that the one-year limitations period set forth in Defendant's website's terms and conditions is invalid under Texas law.[5] Section 2.725 requires that "[a]n action for breach of any contract for sale must be commenced" not "less than one year" after the "cause of action accrued," i.e., "when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." *See* Tex. Bus. & Com.

---

[5] Where, as here, the contract is attached to the complaint, incorporated by reference, or the proper subject of judicial notice, a court may resolve questions of law, such as interpretation of the contract, at the motion to dismiss stage. *See Martin Res. Mgmt. Corp. v. Fed. Ins. Co.*, No. 20-40571, 2021 WL 4269565, at *2-5 (5th Cir. Sept. 20, 2021) (applying Texas law in a diversity case, explaining that the interpretation of a contract generally involves a question of law and "the interpretation of insurance policies is governed by the same rules that apply to the interpretation of other contracts," and affirming the district court's grant of a Rule 12(b)(6) motion to dismiss because the insured had not met its burden of establishing coverage).

CODE § 2.725(a)-(b) ("An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. . . . A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach."). Consistent with the Texas Court of Appeals' analysis in *Spicewood*, Defendant's one-year contractual limitations period cannot expire until one year "after the day the cause of action for breach of the agreement has accrued." *Spicewood*, 287 S.W.3d at 465. Thus, under Texas law, a one-year contractual limitations period must allow for suit within "one year and one day" to comply with the "not less than one year" restriction in § 2.725.

Defendant's one-year contractual limitations period does not comply with the statutory language, nor with the above authorities applying Texas law to similar statutory language. Under the heading "Statute of Limitations," Defendant's terms and conditions provide that that any claim or cause of action "must be filed within one (1) year after such claim or cause of action arose[.]" (Compl. Ex. A at 9) (bold and all caps omitted). In a different section, the terms and conditions also state that a claim "must be filed within one calendar year after such claim or cause of action arises[.]" (*Id.* at 8) (bold omitted).

Defendant argues that its one-year contractual limitations period is consistent with § 16.070(a) and valid under the cases interpreting that statute because "arose" or "arises" is synonymous with "accrued" or "accrues." (*See* Def.'s Reply at 8 n.4.) In support, Defendant emphasizes this language from the Fifth Circuit's 1927 decision in *Austin*: "Argument is hardly necessary to show that a provision of a contract that requires suit to be brought and process served within two years after the loss is sustained, *rather than after* its discovery, or *the cause of action accrues*, restricts the time for suit to less than two years." (*Id.*, quoting *Austin*, 22 F.2d at

882). The holding in *Austin*, however, did not rely on this dicta, nor did the invalid limitation

provision at issue include the "two years and one day" after claim accrual language. *See* 22 F.2d

at 881-82.

  In any event, in the context of the claim presented here, the terms "arose" and "arises" are

equivalent to "accrued" or "accrues," because under the UCC, a claim accrues "when the breach

occurs, regardless of the aggrieved party's lack of knowledge of the breach." Tex. Bus. & Com.

Code § 2.725(b). As such, Plaintiff's claim arose or came into existence when the breach

occurred. *See Stone v. Phillips*, 176 S.W.2d 932, 934 (Tex. 1944) ("The phrase 'at the time the

cause of action accrues' has two meanings. It is sometimes applied to a present enforc[ea]ble

demand, but it more often simply means to arise or come into existence.").

  Even if these terms are synonymous, Defendant's contractual limitations period is

inconsistent with *Taylor* and its progeny, which addressed whether a similar statute rendered

invalid similar contractual limitations periods. *Cf. Taylor*, 63 S.W.2d at 1083 (stating that "[t]he

stipulation that no suit should be filed after two years from the time when the right of action

accrues means that the suit must be brought before the expiration of two years from the time

plaintiff had the right to sue, or, in other words, the suit must be filed within two years from the

accrual of such right," after observing that one court held that "'for the space of one month after

the return day' and 'within one month from the return day' [were] equivalent expressions").

  Thus, under Texas law, the absence of the "and one day" language in Defendant's

contractual limitations provision renders it invalid. *Cf. Abedinia*, 2021 WL 4898456, at *3-4

("This provision, which bars suits not filed 'before . . . two years and one day from the date' the

insurer 'accept[s] or reject[s] the claim,'] essentially sets accrual on the date of breach, which is

the date Texas law would generally set accrual in any event. Therefore, a claim [like the

insured's] would not accrue until [the insurer] allegedly breached the contract by accepting and underpaying the claim, which would afford [the insured] two years and one day to file suit from the accrual under Texas law. Consequently, the contractual limitations provision does not violate Section 16.070.").

Defendant claims that Plaintiff "ignores" the Eighth Circuit's decision in *Shur-Value Stamps, Inc. v. Phillips Petroleum Co.*, 50 F.3d 592 (8th Cir. 1995). (Def.'s Reply at 8.) *Shur-Value*, however, did not explicitly address the question presented here.

*Shur-Value* was a diversity action involving a purchase order acknowledgement ("POA") form and the Eighth Circuit's application of Texas law. 50 F.3d at 593-95 & n.2. The POA included the defendant's standard terms of conditions of sale, including a provision stating that "an action for breach of this contract must be commenced within one year after the occurrence of the breach." *Id.* at 594 (simplified). In addressing the UCC and whether the POA's time-bar provision materially altered the parties' contract, the Eighth Circuit suggested that the POA's "within one year" term did not shorten the period of limitation to less than one year and thus did not violate the UCC:

> Texas law provides that actions for breaches of sales contracts be filed within four years of the cause of action accruing, but it also provides that parties may, by original agreement, shorten the period of limitations to not less than one year. Because states, like Texas, usually stipulate which statute of limitations period applies to a given cause of action, statutes of limitations are distinctly legal creations, the parameters of which have been predetermined based on a myriad of policy and equity considerations. If a contractual provision stipulates a limitations period that falls within statutorily defined parameters . . . , then presumably the provision is not only legal, but also reasonable and customary, acceptable and accepted. Thus, because [the] POA provides for a one-year limitations period and Texas allows the shortening of a period of limitations to not less than one year, [the] POA seemingly constitutes a clause fixing a reasonable time for complaints within customary limits.
>
>        . . . .

. . . Considerations of surprise and hardship must remain a part of the [material alteration] analysis. In this case, however, these considerations have already been taken into account by the Texas legislature, by the district court and by this court. Again, Texas' UCC provision, § 2.725, expressly allows for a one-year time-bar in contract actions. Because the avowed purpose of § 2.725 is to introduce a uniform statute of limitations for sales contracts, we must assume that the Texas legislature's allowance of a one-year limitations period comports with this purpose and thus mirrors the reasonable customs of the state. Therefore, . . . a limitations clause deemed reasonable and customary (as this one must be) involves, by definition, no element of unreasonable surprise or hardship. In sum, . . . our calculus has implicitly determined that the time-bar limitations addition results in no surprise or hardship to the parties . . . .

*Id.* at 598-99 (simplified).

*Shur-Value* is distinguishable here and not particularly helpful, because the litigants did not ask the Eighth Circuit to address the specific question before this Court. Furthermore, the *Shur-Value* court assumed a one-year limitations period is customary under the "reasonable customs of the state" of Texas without examining decades of Texas case law requiring the "and one day" language. In the absence of any additional authority supporting Defendant's interpretation, the Court is not persuaded by Defendant's argument that the position Plaintiff advances here would result in the UCC "no longer be[ing] *uniformly* interpreted."[6] (*See* Def.'s Reply at 6-7, citing only to a general UCC provision on uniformity and *Shur-Value*).

In light of the foregoing, the Court finds that the one-year contractual limitations period in Defendant's terms and conditions is void, the four-year statute of limitations under Texas Business and Commerce Code § 2.725(a) applies here, and Plaintiff's claim is timely.

///

///

///

---

[6] Defendant focuses on UCC uniformity across states, but overlooks that "[t]he Uniform Commercial Code should be interpreted in a manner consistent with other bodies of [the] state['s] law, if possible[.]" *In re Biane*, 20 B.R. 659, 661 (B.A.P. 9th Cir. 1982).

## CONCLUSION

For the reasons stated, the Court DENIES Defendant's motion to dismiss (ECF No. 5).

**IT IS SO ORDERED.**

DATED this 17th day of October, 2022.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge